UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Select Comfort Corporation,

    Plaintiff,

v.                                                    Civil No. 11-621 (JNE/JSM)
                                                     ORDER

The Sleep Better Store, LLC,

    Defendant.

      Plaintiff Select Comfort Corporation asserts violations of federal trademark and false advertising statutes, state false advertising statutes, and other state consumer protection statutes against Defendant The Sleep Better Store, LLC (Sleep Better). The parties are competitors in the design, manufacture, and sale of air beds. The case is before the Court on Sleep Better's motion to dismiss counts five through nine of the Complaint: false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a) (2006); false advertising in violation of the Minnesota False Statement in Advertisement Act (MFSAA), Minn. Stat. § 325F.67 (2010); deceptive trade practices in violation of the Minnesota Uniform Deceptive Trade Practices Act (MUDTPA), Minn. Stat. § 325D.44 (2010); unlawful trade practices in violation of the Minnesota Unlawful Trade Practices Act (MUTPA), Minn. Stat.§ 325D.09 (2010); and consumer fraud in violation of the Minnesota Consumer Fraud Act (MCFA), Minn. Stat. § 325F.69 (2010).[1] For the reasons set forth below, the Court grants in part and denies in part the motion.

      When ruling on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept the facts alleged in the complaint as

---

[1]     Sleep Better also asks the Court to dismiss a claim for trade dress infringement. The Complaint does not include a claim for trade dress infringement and Select Comfort has stated that it did not intend to bring a claim for trade dress infringement. The Court concludes that this portion of Sleep Better's motion is moot.

true and grant all reasonable inferences in favor of the plaintiff.[2] *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009). Although a complaint is not required to contain detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The particularity requirement of Rule 9(b) of the Federal Rules of Civil Procedure applies to claims of false advertising, deceptive trade practices, unlawful trade practices, and consumer fraud. *See Tuttle v. Lorillard Tobacco Co.*, 118 F. Supp. 2d 954, 963 (D. Minn. 2000). Rule 9(b) states: "In alleging fraud . . . a party must state with particularity the circumstances constituting fraud . . . ." Sleep Better contends that counts five through nine should be dismissed because Select Comfort failed to plead fraud with particularity.

> Under Rule 9(b), a plaintiff must plead "such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." In other words, the party must typically identify the "who, what, where, when, and how" of the alleged fraud. This requirement is designed to enable defendants to respond "specifically, at an early stage of the case, to potentially damaging allegations of immoral and criminal conduct." The level of particularity required depends on, *inter alia*, the nature of the case and the relationship between the parties. "Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." Rule 9(b) should be read "in harmony with the principles of notice pleading."

---

[2] Both parties submitted exhibits with their submissions to the Court. The materials do not require the Court to treat Sleep Better's motion as one for summary judgment. *See Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004).

*BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (citations omitted); *see Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009).

Sleep Better makes two primary arguments with respect to the dismissal of claims pursuant to Rule 9(b).  First, Sleep Better argues that the allegations pleaded by Select Comfort "on information and belief" have not been pleaded with the required particularity.  "Allegations pleaded on information and belief usually do not meet Rule 9(b)'s particularity requirement.  When the facts constituting the fraud are peculiarly within the opposing party's knowledge, however, such allegations may be pleaded on information and belief."  *Drobnak*, 561 F.3d at 783-84 (citations omitted).   Claims pleaded "on information and belief" are sufficient under Rule 9(b) if they are accompanied by a statement of the facts on which the belief is based.  *Id.*

Select Comfort alleges three acts of fraud based on "information and belief."  First, Select Comfort alleges that Sleep Better, or an agent or affiliate of Sleep Better, anonymously maintains a website that purports to neutrally "review" mattresses but which, in fact, favors its own products in misleading comparisons to products made and sold by Select Comfort.  (Compl. ¶¶ 66-74)  The Complaint describes how the website is misleading and biased, alleges that it is anonymously registered, and describes how the "reviews" focus on comparisons between Sleep Better and Select Comfort products but favor the purchase of Sleep Better beds.  Second, Select Comfort alleges that Sleep Better falsely claims that its products are made in the United States. (Compl. ¶¶ 75-77)  The Complaint states that, based on Select Comfort's extensive corporate knowledge of the supply and manufacture of adjustable firmness air beds, the air chambers are not made in the United States.  Third, Select Comfort alleges that Sleep Better phone representatives instruct potential customers to test beds at Select Comfort retail stores but then, after trying the beds and selecting one, to order the same bed online from Sleep Better for a

lower price. (Compl. ¶ 42) This assertion is based on "frequent customer statements" to Select Comfort retail personnel. The allegations made on "information and belief" are based on facts either uniquely within Sleep Better's knowledge or based on communications to which Select Comfort was not a party. The Complaint includes facts that support the allegations and alert Sleep Better to the nature of the alleged fraud and the basis of Select Comfort's claims. The Court finds that the Complaint adequately pleads the three allegations stated on "information and belief." *See Drobnak*, 561 F.3d at 783-84; *see also Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001) (noting that where "plaintiff is not a party to a communication, particularity in pleading may become impracticable").

Sleep Better also argues that Select Comfort failed to adequately support its allegation that Sleep Better uses false and unsubstantiated "health-related testimonials" on its website. (Compl. ¶¶ 82-86) According to Sleep Better, it cannot determine from the Complaint "what it is exactly that Plaintiff alleges is misleading" and the Complaint must include an exhaustive list of any allegedly fraudulent statements to comport with Rule 9(b). In the context of health insurance fraud, the Eighth Circuit has held that where a plaintiff alleges a systematic practice of the submission of fraudulent claims over an extended period of time, the plaintiff need not allege the specific details of every fraudulent claim. *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557 (8th Cir. 2006). Instead, the plaintiff must allege some representative examples of the fraudulent conduct with particularity. *Id.* In this case, the Complaint identifies an on-going practice of fraud and provides representative examples, quoting from Sleep Better's website. The examples provide a clear sense of the "health-related" testimonials that Select Comfort challenges as deceptive. It is also clear from the Complaint where the allegedly fraudulent statements are made—the Sleep Better website. The examples, combined with an

explanation of how the statements are allegedly deceptive and where they are made, provide Sleep Better with sufficient notice to respond specifically to the allegation. *See id.*; *Abels*, 259 F.3d at 920 ("The special nature of fraud does not necessitate anything other than notice of the claim; it simply necessitates a higher degree of notice, enabling the defendant to respond specifically, at an early stage of the case, to potentially damaging allegations of immoral and criminal conduct."). Assuming all facts in the Complaint to be true and drawing all reasonable inferences from those facts in Select Comfort's favor, the Court finds that the Complaint contains sufficient allegations to meet Rule 9(b)'s pleading requirements.[3]

In addition to its arguments under Rule 9(b), Sleep Better challenges Select Comfort's ability to bring claims under the MUTPA, the MFSAA, and the MCFA (counts seven, eight, and nine, respectively).[4] Select Comfort proceeds on these claims pursuant to Minnesota's private attorney general statute, Minn. Stat. § 8.31, subd. 3a (2010).[5] The private attorney general

---

[3] Sleep Better also challenges the adequacy of Select Comfort's allegation that Sleep Better's warranty purports to be a "full" warranty when, in fact, it is limited in several respects. (Compl. ¶¶ 78-81) Sleep Better argues that the allegation does not state either how the warranty is misleading or "what was obtained or given up" because of the alleged fraud. *See Drobnak*, 561 F.3d at 783-84. The Complaint alleges that the warranty purports to be "full" but is not, and, separately, that customers rely on Sleep Better's representations when purchasing products from Sleep Better. (Compl. ¶ 86) The Court finds that this allegation is stated with the particularity required by Rule 9(b).

[4] Sleep Better does not make this argument with respect to Select Comfort's claim under the MUDTPA.

[5] The Court notes that Select Comfort does not cite Minn. Stat. § 8.31, sudb. 3a, or otherwise reference the private attorney general statute in the Complaint. In its memorandum in opposition, Select Comfort does state that its claims under the MUTPA, the MFSAA, and the MCFA, "are brought under the Private Attorney General Statute." (Pl.'s Mem. Op. at 13) The Court therefore concludes that Select Comfort does not assert its MUTPA claim based on Minn. Stat. § 325D.15 ("Any person damaged or who is threatened with loss, damage, or injury by reason of a violation of sections 325.09 to 325D.16 shall be entitled to sue for injunctive relief . . . and for the amount of actual damages, if any."). *See Pegram v. Herdrich*, 530 U.S. 211, 230 n.10 (2000).

statute allows a private litigant to seek damages and attorneys' fees by alleging a violation of certain laws entrusted to the Minnesota Attorney General, including the MCFA, the MFSAA, and the MUTPA.  *See* Minn. Stat. § 8.31, subd. 3a; *In re Levaquin Prods. Liab. Litig.*, 752 F. Supp. 2d 1071, 1076 (D. Minn. 2010).  To bring such a claim, Select Comfort must demonstrate that its "cause of action benefits the public." *Ly v. Nystrom*, 615 N.W.2d 302, 314 (Minn. 2000) (finding no public benefit where the defendant made numerous fraudulent representations about his restaurant business directly to the plaintiff during a one-on-one transaction).  To determine whether a lawsuit is for the public benefit, courts assess both the form of the alleged misrepresentation and the relief sought by the plaintiff.  *In re Levaquin Prods. Liab. Litig.*, 752 F. Supp. 2d at 1077 (collecting cases).   Where plaintiffs seek only damages, courts typically find no public benefit "even when plaintiffs are suing for injuries resulting from mass produced and mass marketed products."  *Id.*  Nonetheless, the lack, or inclusion, of a prayer for injunctive relief is not dispositive.  *Id.*

Sleep Better argues that the claims must be dismissed because Select Comfort did not allege any public benefit arising from the claims and because the action is primarily based on private damages arising from trademark infringement, not consumer protection.  *See, e.g.*, *King v. Reed, LLC*, Civ. No. 07-1908 (DWF/RLE), 2008 WL 80630, at *4 (D. Minn. Jan. 8, 2008) (dismissing an MCFA claim because suit was "primarily a products liability and negligence case"); *Pecarina v. Tokai Corp.*, Civ. No. 01-1655 (ADM/AJB), 2002 WL 1023153, at *5 (D. Minn. May 20, 2002) (dismissing an MCFA claim because the "essence" of the lawsuit was personal injury involving allegations of negligence and products liability related to a mass-produced and mass-marketed lighter).  Select Comfort argues that it has demonstrated a public benefit because the allegedly false statements were made to the public and the Complaint seeks

to enjoin Sleep Better from further false or misleading advertising. Select Comfort relies heavily on *Collins v. Minnesota School of Business, Inc.*, 655 N.W.2d 329, 329-330 (Minn. 2003). In *Collins*, former students of the Minnesota School of Business alleged that the school had made false, misleading, and confusing statements about its sports medicine program. *Id.* The Minnesota Supreme Court found that the fraud claims benefited the public. *Id.* The Court clarified that the district court, in finding that plaintiffs had failed to demonstrate a public benefit because only a small number of individuals were injured, had incorrectly focused on the number of people injured by the misrepresentations and misapplied the controlling law "by ignoring the fact that [the Minnesota School of Business] misrepresented the nature of its program to the public at large." *Id.*

The Court concludes that Select Comfort has not adequately pleaded a public benefit. While Select Comfort's claims of misleading advertising to the general public support its claim that it has alleged a public benefit, *see, e.g.*, *Summit Recovery, LLC v. Credit Card Reseller, LLC*, Civ No. 08-5273 (DSD/JSM), 2010 WL 1427322, at *5 (D. Minn. Apr. 9, 2010), Select Comfort and Sleep Better are direct competitors and Select Comfort's claims for relief are almost entirely for damages caused by dilution of its trademark and lost profits. Although Select Comfort does seek to enjoin the acts of false advertising alleged in the Complaint, it is far from clear that, as a direct competitor, Select Comfort will litigate its claims and "take positions with the common public good in mind." *See Humphrey v. McLaren*, 402 N.W.2d 535, 543 (Minn. 1987) (contrasting the role of the attorney general who "has for a client the public" with the "private practitioner who seeks vindication of a particular result for a particular client"). The Complaint does not address the ways the allegedly false advertisements harm the public but, instead, focuses on the ways that they harm Select Comfort's own reputation and sales. Because

this action will redress Select Comfort's commercial losses rather than vindicate harm to the public, the Court concludes that Select Comfort's "injuries are too attenuated to permit recovery" under Minnesota's private attorney general statute. *See GroupHealth Plan, Inc. v. Philip Morris Inc.*, 621 N.W.2d 2, 11 n.7 (Minn. 2001) (noting that the public benefit requirement acts as a limit on nonconsumers who seek recovery under Minn. Stat. §§ 325F.67, 325F.69, subd. 1, and 8.31, subd. 3a).

Select Comfort's argument that it has alleged a public benefit is belied by the Complaint's scant reference to either public harms or the effect of the alleged misrepresentations on the public. The Complaint mentions injury to "the public" only as a basis for seeking injunctive relief. (Compl. ¶ 91) Moreover, the Complaint makes no mention at all of the private attorney general statute, or the public rights that Select Comfort seeks to vindicate in bringing this action. Although the Complaint alleges consumer confusion in connection with the trademark claims, and consumer reliance on Sleep Better's misleading and deceptive statements, the harm complained of is particular to Select Comfort. (Compl. ¶¶ 97-90) If a lawsuit between competitors results in more accurate advertising, the public receives a collateral benefit. But reading Select Comfort's Complaint as a whole, the Court cannot conclude that it pleads a public benefit within the meaning of the Minnesota private attorney general statute. *See Ly*, 615 N.W.2d at 314 ("[T]he legislature could not have intended to sweep every private dispute based on fraud, and falling within the [M]CFA, into a statute where attorney fees and additional costs and expenses would be awarded, because to do so would substantially alter a fundamental principle of law deeply ingrained in our common law jurisprudence—that each party bears his own attorney fees in the absence of a statutory or contractual exception.").

While the Minnesota Supreme Court in *Collins* recognized that public rights sufficient to invoke the provisions of the private attorney general statute may be present even when the number of persons injured is small, *Collins* does not dictate the application of that statute here. In *Collins*, the type of harm complained of by the individual plaintiffs was the same type of harm inflicted on the public. A merchant competitor is not affected in the same way as the public. Indeed, the Complaint here is quite specific in describing the particular injury allegedly suffered by Select Comfort, and Select Comfort alone. Federal courts are obligated to predict how state law will develop in situations where the law is not clear. This Court does not read *Collins* as presaging an interpretation of the private attorney general statute that would necessarily impute a triggering public benefit in a merchant to merchant advertising dispute. *Cf. Ly*, 615 N.W.2d at 311 ("[T]he sweep of the statute can be no broader than the source of its authority—that of the attorney general—whose duties are to protect the *public* rights in the interest of the state."). Select Comfort can fully vindicate its own rights without recourse to the private attorney general statute. There remain seven claims on which Select Comfort can continue to seek all of the relief it requests. This is not the case to strain the outer limits of what constitutes the public interest for the purposes of Minnesota's private attorney general statute. The Court dismisses counts seven, eight, and nine.[6]

---

[6] Sleep Better also argued that Select Comfort has no statutory protections under the MFSAA and the MCFA because Select Comfort is not a consumer. Having determined that the claims brought under these statutes must be dismissed on other grounds, the Court does not reach this argument.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Sleep Better's motion to dismiss [Docket No. 6] is GRANTED IN PART and DENIED IN PART.

2. Counts seven through nine on the Complaint are DISMISSED.

Dated:  June 17, 2011

                                            s/ Joan N. Ericksen
                                            JOAN N. ERICKSEN
                                            United States District Judge